IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


CONTINENTAL CASUALTY COMPANY                           PLAINTIFF

VS.                                          CIVIL ACTION NO.1:99cv552JMR

HOLI  TEMPORARY SERVICES , ET AL                           DEFENDANTS


MEMORANDUM OPINION

This cause comes before the Court on the Motion of the Plaintiff, Continental Casualty

Company ("Continental"), for  Summary Judgment. After duly considering the record in this

action, in addition to the briefs of counsel, the depositions, affidavits and other documentation

submitted by the parties, the applicable statutes and case law, and being fully advised in the

premises, this Court is of the opinion that there is a genuine issue of material fact as to whether

the Ms Rodi had authority to enter into the Agreement between the parties and whether Holi

Services, Inc is an alter ego of  Holi Temporary Services, Inc have a valid enforceable contract.

Thus, Plaintiff's motion  will be denied.

FACTS

This suit from an attempt by Continental to enforce a contract of indemnification

and Hold Harmless Agreement executed by Holi Temporary Services ,Inc ( "Holi" ) and Waste

Management , the predecessor in interest to the Plaintiff.  Holi is a corporation specializing in the

placement of temporary employees. The terms of the agreement provide that Holi will indemnify

and hold harmless Waste Management from suits arising from personal injury to any  temporary

worker in the course and scope of his special employment with Waste Management. This

agreement was signed on April 23,1996 by Dee Rodi , an employee of both Holi Temporary Services, Inc. And Holi Services, Inc. While there is no question that she signed the agreement , there is an issue as to whether she had actual authority or apparent authority to enter into the contract.

Edgar Hartwell was a temporary worker provided to Waste Management pursuant to this agreement who was injured in a work related injury on February 4, 1997.   Holi failed to provide worker's compensation to Hartwell who filed suit against Waste Management. Waste Management's carrier, Continental subsequently settled  the claim for the sum of $111,460.37 and incurred attorney's fees in the amount of $29,951.32. On or about May 11,1999, Waste Management through its parent company WMX Technologies, executed the agreement to Continental.  Plaintiff filed suit against Holi Services, Inc as well as Holi Temporary Services , Inc. . Holi Services, Inc is a staffing company owned by Curry Dale and Holifield who own the other Holi company. Plaintiff has alleged that these companies are alter egos as they have the same owners, officers and directors. Defendant alleges they are separate companies.

<u>Standard of Review</u>

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56©).  The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Materiality connotes disputes over facts that might affect the outcome of the case under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Further, "summary judgment will not lie if the dispute about a material fact is `genuine,' that

is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The moving party bears the initial burden of establishing the absence of evidence to support the nonmovant's cause of action. *Celotex,* 477 U.S. at 325; *Hirras v. National R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir. 1996). Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the non movant, summary judgment is implicated. *Id.*; *Exxon*, 4 F.3d at 1297. Assertions unsupported by facts are insufficient to oppose a summary judgment motion, *Williams v. Weber Management Services,* 839 F.2d 1039 (5th Cir. 1987).

The Court finds under Mississippi law, the issue of agency and whether an agent has the authority to bind a principal is a question of fact to be determined by the jury. *Eaton v. Porter*, 645So.2d 1323,1325((Miss.1994)citing *Christian Methodist Episcopal Church v. S&S Construction ,Co. Inc*. 615 So.2d 568,573(Miss.1993). The finder of fact must determine whether there is sufficient evidence to meet the three pronged test for recovery under the theory of apparent authority which requires a showing of (1) acts or conduct of the principal indicating the agent's authority, (2) reasonable reliance upon those acts by a third person , and (3) a detrimental

change in position by the third person as a result of that reliance . *Id.*

The evidence before presented the Court is the following:  Curry Holifield , CEO of both companies stated  in his deposition that he " did not recall giving an authority to anyone to do anything of this nature." ( Exhibit A and C of the Defendant's response to the Motion for Summary Judgment) .On the other hand, Dee Rodi states that she believed she signed the Agreement with the permission of Holi's owners and directors ( Exhibit C of the Motion for Summary Judgment). Thus, the Court finds there are genuine issues of material fact as to whether her conduct establishes that she had the authority to enter into the Agreement.

In the case, subjudice, both companies are owned by the same family business and Ms. Rodi executed the Agreement on behalf of Holi Temporary Services, but is now employed by the other company. The basis behind the "alter ego" theory is that if the shareholders or the corporation disregarded the legal separation, distinct properties or proper  formalities of different corporations then the law should also disregard the corporate formalities. *Gammill v. Lincoln Life & Annuity Distributors*, 200 F.Supp 2d 632 (S.D. Miss2001) Plaintiff has not presented any evidence that corporate formalities have been ignored only that the corporations are owned by the same individuals. The Court finds that there are genuine issues of material fact with regard to the issue of alter ego and denies Plaintiff's Motion are as this issue as well.

<u>Conclusion</u>

IT IS THEREFORE ORDERED ADJUDGED AND DECREED, that Continental Casualty's Motion  for  Summary Judgment be denied .

DATED, this the 4th day of May, 2006.


<u>S/John M. Roper, Sr. </u>
UNITED STATES MAGISTRATE JUDGE